United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cesar Mainardi, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-23416-Civ-Scola |
| Fontainebleau Florida Hotel, LLC, | ) |
| KPMG US LLP, and KPMG | ) |
| International, Defendants. | ) |

### Order Dismissing Case Without Prejudice

  This case is before the Court upon an independent review after being transferred from United States District Court Judge K. Michael Moore. Through this case, Plaintiff Cesar Mainardi seeks damages from Defendants Fontainebleau Florida Hotel, LLC, KPMG US LLP, and KPMG International based on various grievances related to his employment, and termination thereof, by the Fontainebleau. (Am. Compl. 14.) This case, however, is the third iteration of similar claims against the Fontainebleau, brought in two earlier-filed cases, one of which also includes KPMG US LLP, and KPMG International as Defendants. These other two cases, filed previously in state court but removed to federal court, have been consolidated and remain pending in case number 23cv23344-RNS, before this Court. This case involves the same parties and arises from essentially the same nucleus of operative facts as the 23cv23344 case. Accordingly, the Court **dismisses** this case, **without prejudice**, for improper claims splitting, and directs Mainardi to incorporate the claims he raises in this case into the amended complaint he has recently been directed to file in his 23cv23344 case.

  "[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). This concept, referred to as claim-splitting, "is an offshoot of res judicata that is concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *O'Connor v. Warden, Florida State Prison*, 754 F. App'x 940, 941 (11th Cir. 2019) (cleaned up). "The claim-splitting doctrine applies where a second suit has been filed before the first suit has reached a final judgment." *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, 8:07-CV-227-T-27TGW, 2008 WL 759095, at *6 (M.D. Fla. Mar. 20, 2008) (cleaned up). The doctrine serves "to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Kennedy v.*

*Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021). The doctrine, ultimately, "serves to foster judicial economy and efficiency, and to protect parties from the vexation of concurrent litigation over the same subject matter." *Id.* (cleaned up). In evaluating whether a case is duplicative of another, a court must find "(1) mutuality of the parties and their privies, and; (2) whether separate cases arise from the same transaction or series of transactions." *O'Connor*, 754 F. App'x at 941 (cleaned up). To determine whether "successive causes of action arise from the same transaction or series of transactions," a court looks at whether "the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842.

Both elements are readily met here. First, Mainardi is the plaintiff in both cases and all the defendants in this case are also defendants in the previously consolidated case. Second, the main grievances in this case, although not the model of clarity, appear to arise out of the same factual setting and framework as those comprising the consolidated case. And although some issues may relate to events that transpired after Mainardi filed his other two cases, this case nonetheless is generally "related in time, origin, and motivation," "form[ing] a convenient trial unit." *Vanover*, 857 F.3d at 842. Importantly, however, even if there are some new issues raised in this case, Mainardi has been directed to file an amended complaint in the consolidated case, which is in its infancy, and he can therefore incorporate any non-overlapping claims in this case into that amended pleading. In other words, at this juncture, because there is no impediment to Mainardi's raising additional claims from this case in the consolidated case, allowing this matter to proceed separately would result in duplicative litigation, leading to a piecemeal, inefficient, and possibly inconsistent resolution of the parties' disputes.

Accordingly, in exercising its discretion to do so, the Court **dismisses** this case, **without prejudice** to Mainardi's raising any issues in this case that are not already included in the consolidated case in the amended pleading in the 23cv23344 case (which is due on **November 15, 2023**). Mainardi is cautioned, in incorporating any claims from this case, to comply with the directions set forth in the Court's order striking his complaint in the 23cv23344 case.

The Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on November 1, 2023.

_____
Robert N. Scola, Jr.
United States District Judge